UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-80407-CIV-REINHART

HUNTERS RUN PROPERTY OWNERS
ASSOCIATION, INC.,

    Plaintiff/Counterclaim Defendant

v.

CENTERLINE REAL ESTATE, LLC,

    Defendant/Counterclaim Plaintiff

_____/

**ORDER ON HUNTERS RUN'S MOTIONS FOR ATTORNEY'S FEES AND Bill OF COSTS [ECF Nos. 184, 188]**

Before the Court are (1) Plaintiff Hunters Run Property Owners Association, Inc.'s ("the Association") Motion For Attorney's Fees [ECF No. 184] and Motion for Bill of Costs [ECF No. 188] (collectively, "the Motions"). I have reviewed the Motions, Centerline's Response to the Motion for Attorney's Fees [ECF No. 187], and the Association's Reply [ECF No. 190]. I am familiar with the entire record in the case. This matter is ripe for decision. The Motions are DENIED WITHOUT PREJUDICE to being renewed until resolution of Centerline's appeal.

After a bench trial, I entered final judgment for the Association in the amount of $391,344.94, along with declaratory relief. ECF No. 183. I entered

final judgment against Centerline on its counterclaims. *Id.* Centerline timely appealed from the final judgment. ECF No. 186. That appeal is pending.

Prior to receiving Centerline's Response, and prior to the filing of the Notice of Appeal and the Motion for Bill of Costs, I took the Motion for Attorney's Fees under advisement, stating that I would "defer consideration of any amount of attorneys' fees, including briefing on the issue, until after it is determined that there is an entitlement to fees." ECF No. 185. In its Response, Centerline implicitly concedes that (if the final judgment is affirmed), the Association is entitled to *some* attorney's fees.

As Magistrate Judge Goodman has explained:

> During an appeal, the district court retains jurisdiction to rule on issues collateral to the issues on appeal, including motions for attorney's fees and costs. *See* Fed. R. Civ. P. 54(d). Under Rule 54(d)(2)(B), the district court may control the timing and contents of a motion for attorney's fees. Moreover, as explained by the Advisory Committee Notes to Rule 54(d)(2): "If an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved." Fed. R. Civ. P. 54, Advisory Committee Notes (1993 Amendments).
>
> Thus, the court has the discretion to defer ruling on a motion for attorney's fees and costs pending an appeal. *See, e.g., Democratic Republic of the Congo v. Air Capital Group, LLC*, 12-20607-CIV, 2014 WL 12634405, at *1 (S.D. Fla. May 8, 2014) ("Here, in light of the pending appeal, the Court exercises its discretion to deny the instant [fees and costs] motions without prejudice and allow the parties to refile after the appeal has been resolved.") (Rosenbaum, J.). Courts have deferred ruling on fees and costs motions pending appeal in the interests of judicial economy. *See, e.g., Chavez v. Mercantil Commercebank, N.A.*, 10-CV-23244, 2012 WL 12861093, at *3 (S.D. Fla. Aug. 20, 2012) (denying fees and costs motions without prejudice because, "by deferring ruling, the Court conserves judicial resources").

2

> Permitting briefing and extensive motions for attorney's fees and costs here while the appeal is pending would start the extensive process of adjudicating attorney's fees and costs. There is nothing in the record that shows good cause for the Undersigned and the Court to decide the attorney's fees and costs issue when the entitlement and amount could change once the appeal is decided. *See id.*

*Liberty Mut. Fire Ins. Co. v. State Farm Florida Ins. Co.*, 15-20941-CIV, 2018 WL 9708621, at *2 (S.D. Fla. Sept. 5, 2018) (J. Goodman); *see also Heron Dev. Corp. v. Vacation Tours, Inc.*, 16-20683-CIV, 2020 WL 409690, at *1 (S.D. Fla. Jan. 24, 2020) (deferring ruling on attorney's fee and costs until appellate mandate issus) (Moreno, J.).

I find that the interests of justice, including the just, speedy, and inexpensive resolution of this matter, are best served by waiting to resolve issues of attorney's fees and costs until after an appellate decision is issued. *See* Fed. R. Civ. P. 1.

WHEREFORE, it is ORDERED that the Motion for Attorney's Fees and the Motion for Bill of Costs are DENIED WITHOUT PREJUDICE to being renewed within 30 days of the issuance of the Eleventh Circuit's mandate.

**DONE AND ORDERED** in Chambers this 26th day of May, 2020, at West Palm Beach in the Southern District of Florida.

_____
BRUCE REINHART
UNITED STATES MAGISTRATE JUDGE

3