UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CV-80407-BER

HUNTERS RUN PROPERTY
OWNERS ASSOCIATION, INC.,

        Plaintiff,

v.

CENTERLINE REAL ESTATE, LLC,

        Defendant.

_____/

## ORDER ON MOTION FOR ATTORNEY'S FEES AND COSTS [ECF No. 230]

After prevailing at trial and on appeal, Plaintiff Hunters Run Property Association, Inc. ("Hunters Run") moves for $244,288.80 in trial court attorneys' fees, $26,744.00 in appellate attorneys' fees, and costs of $5,732.48. ECF No. 230. I have already concluded that Hunters Run is entitled to reasonable attorneys' fees and costs for both the trial and the appeal under Florida Statutes §§ 720.305(1), 817.535(8); Fed. R. Civ. P. 54(d); Fed. R. App. P. 39.

Section 720.305(1) entitles a prevailing party in litigation between a homeowners' association and its member to recover "reasonable attorney fees and costs." Rule 54(d)(1) authorizes a prevailing party in federal civil litigation to recover costs taxable under 28 U.S.C. §1920. Federal Rule of Appellate Procedure 39 authorizes the prevailing party to recover costs associated with litigating the appeal. *See also* 11th Circuit Local Rule 39-2.

## ATTORNEYS' FEES

Reasonable attorneys' fees under Section 720.305 are computed using the lodestar method. That method involves multiplying the number of hours reasonably expended by the reasonable hourly rates. *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985). Here, the hourly rates requested by Hunters Run are reasonable given the experience level of the respective attorneys. Similarly, the request for reimbursable hours is adequately documented and reasonable for the work done at both the trial and appellate levels. I therefore award the full amount of requested attorneys' fees.

## COSTS

Prevailing party costs under Rule 54(d)(1) are limited by 28 U.S.C. §1920 to:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. §1920. Under Federal Rule of Appellate Procedure 39(e), a district court

may also tax costs for (1) preparation and transmission of the record, (2) court reporter transcripts, (3) bond premiums, and (4) appellate filing fees. The party seeking to tax costs bears the burden of showing that the costs are compensable. *Loranger v. Stierheim*, 10 F.3d 776, 784 (11th Cir. 1994). Hunters Run asks for $5,732.48 in taxable costs, comprising $411 for clerk's fees, $280 for service fees, and $5,041.48 for transcripts.

The clerk's fee of $411 represents the filing fee and is supported by an invoice from the Palm Beach Clerk and Comptroller. ECF No. 188 at 4. It will be awarded in full.

The next item is $140 for service of the complaint on two addresses. ECF No. 188 at 6. Private process server fees may be taxed pursuant to Section 1920, provided they do not exceed the service rates charged by the U.S. Marshal's Service. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000); *Davis v. Sailormen, Inc.*, No. 6:05- cv-1497-Orl-22JGG, 2007 WL 1752465, at *2–3 (M.D. Fla. June 15, 2007) (awarding costs for service of subpoenas based on Marshal's rates). Under current regulations, the Marshal's Service charges $65.00 per hour for each subpoena served. *See* 28 C.F.R. §0.114. Hunters Run has not shown why more than one hour was needed to serve the complaint, nor has it shown why service on two addresses was necessary. So, only $65 will be taxed for service of process.

Hunters Run requests $3,054.48 for two days of trial transcripts, $727.50 for the transcript of a pretrial hearing, and $1,259.50 for the deposition transcript for Stefan Hagedorn. The reasonable cost of these transcripts is specifically authorized

3

by Federal Rule of Appellate Procedure 39(e). The invoice for the Hagedorn deposition includes fees for "Exhibit Management" ($70.00) and "Delivery and Handling" ($28.00). These costs are not taxable under Section 1920. *See Patrick v. Bishop State Cmty. Coll.*, No. 10-0188-WS-M, 2011 WL 2784585, at *1 (S.D. Ala. July 15, 2011) ("Costs associated with delivering, shipping, or handling transcripts are ordinary business expenses and are not recoverable."); *George v. Florida Dept. of Corrections*, No. 07-80019, 2008 WL 2571348, *6 (S.D. Fla. May 23, 2008) (J. Rosenbaum) (fees for items such as shipping, exhibits, expedited copies, condensed transcripts and CD-ROMs generally not recoverable). So, $98.00 will be deducted from the cost of the Hagedorn deposition transcripts.

The invoice for the trial transcripts reflects a price of $5.34 per page for 572 pages of expedited transcripts. Hunters Run has not explained why expedited transcripts were needed. The Clerk's Office Fee Schedule for this Court provides a rate of $4.40 for non-expedited transcripts. That rate is taxable, resulting in a reasonable cost of $2,516.80 (572 x 4.4) for the trial transcripts.

Hunters Run also asks for reimbursement for $727.50 for the transcript of a hearing on August 2, 2019. The invoice for the hearing transcript does not identify the price charged per page of the transcript or whether the transcript was requested on an expedited basis. However, the transcript for the hearing was filed on the docket by the Court Reporter at ECF No. 135. The transcript is 154 pages. Using the rate for non-expedited transcripts identified above, the reasonable cost of the hearing transcript was $677.60 (154 x 4.4).

4

Hunters Run asks in the alternative that any costs disallowed under Section 1920 be awarded under Section 720.305(1). I decline that request. The costs for service of process and transcripts are being disallowed because they were not necessary to the litigation of this case and/or not properly documented. Therefore, they are not "reasonable" costs that can be reimbursed under Section 720.305.

In sum, the following costs are awarded:

| | |
|---|---|
| Fees of Clerk | $ 411.00 |
| Service of Process | $ 65.00 |
| Hagedorn Transcript | $ 1,161.50 |
| Trial Transcripts | $ 2,516.80 |
| Hearing Transcript | $ 677.60 |

## CONCLUSION

**WHEREFORE**, it is ORDERED that Defendant shall pay to Hunters Run attorneys' fees in the amount of $271,032.80 and costs in the amount of $4,831.90.

**DONE and ORDERED** in Chambers this 8th day of November, 2023, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE